**Robert A. DROTTS, Plaintiff,**

v.

**BURLINGTON NORTHERN & SANTA FE RAILWAY COMPANY, as successor to the Atchison, Topeka & Santa Fe Railway Company, Defendant.**

**No. 96–4178–RDR.**

United States District Court, D. Kansas.

Sept. 16, 1997.

Mark A. Furney, Overland Park, KS, Donald J. Richmond, Forceno, Hannon & Arangio, Philadelphia, PA, Robert D. Loughbom, Lenexa, KS, for Plaintiff.

William P. Coates, Jr., Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Robert L. Schneider, Jr., Burns, White & Hickton, Pittsburg, PA, for Defendant.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an action brought by plaintiff pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* Plaintiff, an employee of the defendant, contends that on August 11, 1993 he was injured due to the negligence of the defendant. This matter is presently before the court upon defendant's motion for summary judgment.

■ In the instant motion, defendant contends that plaintiff has failed to produce any evidence that his injuries were caused by the defendant's acts or omissions. The defendant argues that it is entitled to summary judgment because plaintiff has produced no evidence that it was the defendant's negligence that caused his injuries.

The general guidelines for analyzing summary judgment motions were reviewed by the Tenth Circuit in *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993):

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538(1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

The uncontroverted facts in this case are as follows. On August 11, 1993, plaintiff was working alone in "the pit" under a locomotive engine. He was attempting to re-attach certain "leads" to the locomotive engine. The work attaching the leads required "pushing and tugging up and pulling down" on certain

wires. In order to access the work area, plaintiff was standing on a small stool. The floor of the pit was covered with an oil, chemical and water mixture that was approximately two inches in depth. While he worked, plaintiff had his arms partially extended to do the lifting, pulling, pushing and jostling necessary to attach the leads. Plaintiff subsequently fell from the stool and injured himself.

██ A railroad is liable under FELA in damages for injury "resulting in whole or in part from the negligence of" the railroad. 45 U.S.C. § 51. FELA does not make the railroad the insurer of its employees' safety. Rather, the basis of liability under FELA is negligence, not that an injury occurred. *Ellis v. Union Pacific Railroad Co.*, 329 U.S. 649, 653, 67 S.Ct. 598, 600, 91 L.Ed. 572 (1947). A plaintiff in a FELA action has the burden of proving the employer was negligent and the negligence was the proximate cause of an injury. *Tennant v. Peoria & P.U. Railway Co.*, 321 U.S. 29, 32, 64 S.Ct. 409, 411, 88 L.Ed. 520 (1944).

After reviewing the evidence in the record, the court believes that defendant's motion for summary judgment must be denied. The defendant relies exclusively upon the plaintiff's testimony in his deposition that he does not recall how the accident happened. Plaintiff was unable to say whether the stool slid out from him or his feet came off the top of the stool. Given the other evidence in the record, the court is not persuaded that this particular testimony requires the entry of summary judgment for the defendant. The other evidence demonstrates that the defendant's negligence may have caused plaintiff's fall due to the accumulation of the liquids in the pit where plaintiff worked. Accordingly, defendant's motion for summary judgment shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Doc. # 37) be hereby denied.

**IT IS SO ORDERED.**